# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY D. PELFREY,

           Petitioner,    :    Case No. 3:19-cv-059

  - vs -                          District Judge Walter H. Rice
                                         Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution

                                       :

           Respondent.

---

# DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXPAND THE RECORD AND DENYING MOTION FOR EXTENSION OF TIME TO OBJECT

---

This habeas corpus case is presently pending on the Magistrate Judge's Report and Recommendations of June 28, 2019, recommending that the case be dismissed with prejudice (ECF No. 12). Petitioner has already sought and received an extension of time to file objections to August 1, 2019 (ECF Nos. 13 and 14). He has now moved for a further extension of time to August 19, 2019 (ECF No. 16) and to Expand the Record (ECF No. 15).

Each item sought to be added to the record by the Motion is identified by a bracketed

The Motion to Expand the Record seeks to add the documents he says were attached to his application to reopen his direct appeal as follows:

    • [1] Letter to Pelfrey from Ruppert dated June 24, 2014 (PageID # 647);

    • [2] Partially redacted Centerville Police Report (Daniel) (PageID # 633-634);

1

> • [3] Copy of the check and deposit slip (the top portion of the check on PageID 644 submitted as State's Ex. 3 at trial, however, the bottom signed portion was not admitted into evidence, nor were the added comments by Pelfrey at the bottom of the page part of the record or the deposit slip) (PageID # 645-646);
>
> • [4] The Power of Attorney (PageID # 629-632 - State's Exhibit 4); and
>
> • [5] Letter to Det. Osterfeld from Ruppert dated October 1, 2014 (PageID # 635-636).

(Motion, ECF No. 15, PageID 1379-80.) The Motion to Expand is DENIED as to these five documents because they are already part of the record.

[6] June 24, 2014, letter to Pelfrey from attorney Rupert E. Ruppert. Denied; already part of the record at PageID 647.

[7] Centerville Police Report containing a report of a conversation between Mr. Ruppert and Detective Sergeant Maynard. Denied; already part of the record at PageID 633.

[8] Centerville Police Report containing report of conversation between Sgt. Osterfeld and the victim. Denied; already part of the record at PageID 633-34.

[9] October 1, 2014, letter from Ruperrt to Osterfeld. Denied; already part of the record at PageID 635-36.

[10] Centerville Police Report reporting a conversation of the closing officer, Ray Woodie, with Detective Osterfeld, attached to the Motion as Exhibit 1, ECF No. 15-1, PageID 1402-03. Denied; the document has been substantially redacted by persons unknown and consists of inadmissible hearsay.

[11] Centerville Police Report containing report of conversation between Pinkerton and Osterfeld, attached to the Motion as Exhibit 2, ECF No. 15-2, PageID 1404. Denied; the document has been

substantially redacted by persons unknown and consists of inadmissible hearsay.

[12] Centerville Police Report containing report of conversation between assistant county prosecutor Barrentine and Detective Osterfeld, attached to Motion as Exhibit 3, ECF No. 15-3, PageID 1405. Denied; the document has been substantially redacted by persons unknown and consists of inadmissible hearsay.

[13] Defendant's Motion for Expert Witness and Fees, attached to Motion as Exhibit 4, ECF No. 15-4, PageID 1406-07. Granted. The authenticity of the document is shown by the Clerk of Court's file stamp.

[14] Power of Attorney bearing the date April 1, 2014, from Judith F. Daniel to Petitioner and recorded by the Warren County Recorder on April 10, 2014, attached to Motion as Exhibit 5 (ECF No. 15-4, PageID 1408-11. Denied; not authenticated by testimony.

[15] March 23, 2017, letter from Petitioner to attorney Charles T. Lester, attached to Motion as Exhibit 6 (ECF No. 15-5, PageID 1415). Denied; redacted by persons unknown; constitutes inadmissible hearsay.

[16] Purported facsimile transmission from J. David Turner to Tabitha Day, attached to the Motion as Exhibit 7 (Motion, ECF No. 15-7, PageID 1417-19.) Denied: unauthenticated; contains inadmissible hearsay.

Pelfrey also asks that prosecutorial misconduct claim be expanded to include trial testimony of the victim (Motion, ECF No. 15, PageID 1388). A habeas corpus petition cannot be amended by a motion to expand the record. If Petitioner wishes to amend his Petition, he must file a motion to amend under Fed.R.Civ.P. 15.

The Motion continues with a copy of portions of the Court of Appeals' decision with

substantial portions stricken through and other matter added in italic. (Motion, ECF No. 15, PageID 1393-99). Pelfrey does not explain why this is in a motion to expand the record.

With the exception of item [13], the Motion to Expand (ECF No. 15) is DENIED. Because there is no need for the Warden to admit or deny the authenticity of the exhibits and Petitioner has already had one extension of time to object, the Motion for an Extension of Time to Object (ECF No. 16) is also DENIED.

July 22, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge