# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY D. PELFREY,

               Petitioner,      :      Case No. 3:19-cv-059

- vs -                                     District Judge Walter H. Rice
                                              Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution

                                       :

               Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 18) to the Magistrate Judge's Report and Recommendations which recommended that the Petition be dismissed with prejudice (ECF No. 12). District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 19).

The Petition pleads four grounds for relief as follows:

> **Ground One**: Prosecutorial misconduct in violation of Pelfrey's Sixth and Fourteenth Amendment rights by (1) failing to clear up any testimony that he knew to be incorrect or misleading, (2) failing to disclose evidence favorable to the accused, and (3) knowingly making improper statements.
>
> **Supporting Facts**:
> (1) The State violated Pelfrey's right to a fair trial under Fourteenth Amendment by failing to clear up any testimony that he knew to be incorrect or misleading.
>
> (2) The State violated the Due Process Clause of the Pelfrey's Fourteenth Amendment by failing to disclose evidence favorable to the accused.

1

(3) The State violated the Due Process Clause of the Pelfrey's Fourteenth Amendment by knowingly making improper statements during closing

**Ground Two:** The trial court erred in allowing parol evidence regarding the power of attorney in violation of the Due Process Clause of Pelfrey's Fourteenth Amendment.

**Ground Three:** Pelfrey's convictions were based on insufficient evidence in violation of the Due Process Clause of Pelfrey's Fifth Amendment for failing to prove beyond a reasonable doubt every element of the crimes with which Pelfrey was charged. The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt. *In re Winship*, 397 U.S. 358 [(1970)].

**Ground Four:** The trial court violated his right to a speedy trial in violation of Pelfrey's Sixth Amendment right under the IAD.[1]

(Petition, ECF No. 1, PageID 25, 26, 30, 33 39, 43, 47) (emphasis removed).

**Analysis from the Report**

Ground One is a claim of prosecutorial misconduct which the Report recommended be dismissed because it was not raised on direct appeal (Report, ECF No. 12, PageID 1359).

Ground Two is a claim that the trial court violated Pelfrey's due process rights by admitting parol evidence about the power of attorney that Pelfrey's grandmother gave him. The Report recommended dismissing this claim as procedurally defaulted because it was not fairly presented to Ohio's Second District Court of Appeals as a constitutional claim, but rather as a claim of abuse of trial court discretion (Report, ECF No. 12, PageID 1359-61). More fundamentally, there is no due process right to application of the parol evidence rule. *Id.* at PageID 1361-62.

---

[1] Interstate Agreement on Detainers, codified at Ohio Revised Code § 2963.30.

Ground Three claims Pelfrey was convicted on insufficient evidence. Pelfrey raised that claim in the Second District. The Report recites the Second District's opinion on this issue and concludes that, given the double deference required by Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), (ECF No. 12, PageID 1363, quoting *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009), the Second District's decision was not an objectively unreasonable application of the controlling Supreme Court precedent, *Jackson v. Virginia*, 443 U.S. 307 (1979). *Id*. at PageID 1362-67.

Ground Four claims Pelfrey was denied a speedy trial. On direct appeal he claimed only a violation of the Ohio speedy trial statute, Ohio Revised Code § 2945.71. He never made a constitutional claim of denial of speedy trial until he filed an Ohio App. R. 26(B) application claiming it was ineffective assistance of appellate counsel to fail to raise this is a claim under the IAD. The Second District found no ineffective assistance of appellate counsel because there was no IAD violation, and the Report recommended deference to this decision (ECF No. 12, PageID 1367-72, quoting State Court Record, ECF No. 7, Ex. 40, PageID 726-30).

Throughout his lengthy Reply (ECF No. 11), Pelfrey attempted to excuse any procedural default by claiming actual innocence. The Report concluded he had not offered proof of actual innocence of the quality required by *Schlup v. Delo,* 513 U.S. 298, 316 (1995) (ECF No. 12, PageID 1372-73, quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.")

**The Objections**

    **Improper Joinder**

Pelfrey's Objections begin by arguing at some length that his three separate indictments (which he terms "A," "B," and "C") should not have been tried together (ECF No. 18, PageID 1430-33). However, Pelfrey has not pleaded a ground for relief claiming he was deprived of his constitutional rights by the joinder. A habeas petitioner cannot add a new ground for relief in a reply, much less in objections to a report and recommendations. *Jalowiec v. Bradshaw*, 657 F.3d 293, 311-12 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

On the merits he argues that the evidence supporting the B and C indictments – which charged him with tampering with evidence related to the main indictment – were other bad acts which unfairly prejudiced him in the eyes of the jury, citing Fed. R. Evid. 404(b) (Objections, ECF No. 18, PageID 1430-33). But Fed. R. Evid. 404(b) does not apply in state criminal trials and in itself creates no constitutional right. Ohio has a cognate rule, but the Supreme Court has never held that admission of evidence of other bad acts is unconstitutional.

> There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence. In *Estelle v. McGuire*, the Supreme Court declined to hold that the admission of prior injury evidence violated due process, thus warranting habeas relief.

*Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), citing 502 U.S. 62, 75 (1991).

**Resolving Conflicts in the Testimony**

The Objections continue with a section entitled "All testimonial conflicts resolved." (ECF No. 18, PageID 1433-35). Pelfrey begins by reciting the standard for resolving conflicts of testimony in the Supreme Court. *Id.* at PageID 1433, citing *Ashcraft v. Tennessee*, 322 U.S. 143 (1944), and other Supreme Court cases. But Justice Black's opinion in *Ashcraft* rested instead on "facts which are not in dispute at all." 322 U.S. at 153.

Pelfrey seems to be suggesting that all conflicts in the testimony at trial must be resolved in his favor. But no Supreme Court authority to that effect is known to this Court. Resolving conflicts in testimony is, instead, a function for the jury and the jury here resolved the conflicts against Pelfrey.

**"Independent Application of the Federal Rule and Constitutional Standard to the State Court's Interpretation of the Findings of Fact"**

The Objections then recite, in an unattributed quotation, that

> "(w]here there are no explicit findings, or in the case of *lacunae* among the findings ... [the Court must] consider only the uncontested portions of the record: the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted."

(Objections, ECF No. 18, PageID 1436 (emphasis removed)). Wherever this quotation is from, it certainly does not describe the role of a jury or of an appellate court reviewing a jury verdict.

The Objections then quote verbatim paragraphs 4 through 28 of Judge Froelich's opinion for the Second District on direct appeal, *State v. Pelfrey*, 2nd Dist. Montgomery No. 27474, 2018-Ohio-2427 (Jun. 22, 2018). With this lengthy section of the appeal, Pelfrey has stricken out those

5

portions of the state court findings which he believes must be excluded on the authority he has cited and interlineated what he believes are the correct findings (Objections, ECF No. 18, PageID 1436-42). Pelfrey then rewrites the Second District's findings as he believes they must be rewritten under the Supreme Court cases he has cited. *Id.* at PageID 1443-44. He concludes that he "has rebutted the presumption of correctness of the state court findings of fact 'by clear and convincing evidence.' Had the Magistrate Judge applied these standards when considering Pelfrey's rebuttal, he would have seen this." *Id*. at PageID 1444.)

This argument fundamentally misconceives the roles of a jury and appellate court in a criminal case. Juries often here conflicting testimony, either from opposite sides of the case or even inconsistencies within a witness's testimony or between two witnesses appearing for one side or the other. It is the function of juries to resolve those conflicts. Once they have done so in a criminal case, they deliver a verdict of guilty or not guilty. Juries rarely if ever make specific findings of fact in a criminal case.[2] Once a jury has determined guilt, the function of the direct appeal court is not to reconsider any conflicting testimony and decide what is true, but rather to decide whether there was enough evidence to support a jury's verdict on any particular element of the crimes charged. In an opinion deciding an appeal, the appellate court will often state the background facts of the case without telling the reader of the opinion where in the transcript the supporting evidence is to be found. Usually direct quotation from testimony in appellate opinions is reserved for contested points.

28 U.S.C. § 2254(e)(1) provides that a federal habeas court is to presume the correctness of state court factual determinations unless the presumption is rebutted by clear and convincing

---

[2] An exception is where a jury must find a specific fact to undergird a finding. E.g. if a person is accused of having a weapon while under a disability, usually from a prior felony conviction, the jury must determine if there was a prior felony. Nothing of that sort is at issue here.

evidence. The rebuttal evidence must be from the state court record. *Cullen v. Pinholster*, 563 U.S. 170 (2011). Pelfrey's asserted rebuttal evidence is either from outside the record that was before the state courts or depends on his interpretation of the evidence rules to the effect that conflicts in the testimony must be resolved in his favor. But we cannot consider extra-record evidence and the jury resolves conflicts.

Only after this long argument about proper fact finding do the Objections reach the particular Grounds for Relief.

**Ground One: Prosecutorial Misconduct**

In Ground One Pelfrey raises various claims of prosecutorial misconduct. As noted above, the Report recommends dismissing these claims as procedurally defaulted because they were not raised on direct appeal (ECF No. 12, PageID 1352-59.)

Pelfrey first objects that a violation of *Napue v. Illinois*, 360 U.S. 264, 269 (1959), "cannot be overlooked or tolerated." (Objections, ECF No. 18, PageID 1444, 1445). The Magistrate Judge is aware of no precedent to that effect and Pelfrey cites none.

Pelfrey's next claim of prosecutorial misconduct was a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). In the Report the Magistrate Judge noted the Second District had considered this claim and found no basis for it (ECF No. 12, PageID 1358, citing *State v. Pelfrey*, No. 27474 (2nd Dist. Nov. 2, 2018) (unreported; copy at State Court Record, ECF No. 7, Ex. 42, PageID 743). In his Objections, Pelfrey now complains not of a Brady violation, but of the State's late response to his Motion for a Bill of Particulars (Objections, ECF No. 18, PageID 1447). He says the failure

7

to timely disclose "violated Federal Rules [sic] of Evidence 26." *Id.* at PageID 1448. No such rule exists, and none of the Federal Rules of Evidence applies in state court proceedings. As to his procedural default of this claim, Pelfrey merely asserts that the prejudice to him excuses the default. *Id.* at PageID 1449.

Pelfrey's third claim of prosecutorial misconduct is of improper statements in closing argument. This claim was omitted on direct appeal and the Second District later found it was not ineffective assistance of appellate counsel to omit it because there was "no reasonable probability that Pelfrey would have prevailed regarding the prosecutor's statements during closing arguments." *State v. Pelfrey*, No. 27474 (2nd Dist. Sep. 19, 2018) (unreported; copy at State Court Record, ECF No. 7, Ex. 40, PageID 721-26).

In his Reply, Pelfrey had argued that this conclusion of the Second District was an unreasonable determination of the facts, but the Report noted that he relied on evidence outside the trial record, which we could not consider under *Pinholster* (Report, ECF No. 12, PageID 1357).

Pelfrey now admits that he misidentified evidence in his "return of writ." [sic] (Objections, ECF No. 18, PageID 1449). This is followed by more than five pages of argument about why the prosecutor's closing argument was improper. *Id.* at PageID 1450-55. Buried in this argument is the claim that because the argument was so prejudicial, "any implied procedural bar must be excused." *Id.* at PageID 1453. Pelfrey cites no law in support. and none is known to the Magistrate Judge.

In sum, none of Pelfrey's Objections as to Ground One overcomes the procedural default conclusion reached in the Report.

**Ground Two: Allowance of Parol Evidence**

In his Second Ground for Relief, Pelfrey claims the trial court violated his due process rights under the Fourteenth Amendment by admitting parol evidence about the power of attorney that Daniels gave Pelfrey. The Report concluded this claim was not fairly presented to the state courts as a constitutional claim and therefore procedurally defaulted. (Report, ECF No. 12, PageID 1360-61). More fundamentally, the Report found the claim was without merit because there is no constitutional bar to the use of parol evidence. *Id.* at PageID 1361.

Pelfrey objects that "the district court erred in deciding that the parol evidence rule did not bar Daniel's testimony." (Objections, ECF No. 18, PageID 1455). The Report recommends no such decision. Whether or not the parol evidence rule was violated at trial is not material here because such a violation would not infringe on Pelfrey's constitutional rights. He cites no federal case law to the contrary.

**Ground Three: Insufficient Evidence**

In his Third Ground for Relief, Pelfrey asserts that his convictions are not supported by sufficient evidence. The Report notes that the Second District decided this claim on the merits and its decision was not an objectively unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979) (ECF No. 12, PageID 1364-67, quoting *Pelfrey*, 2018-Ohio-2427, ¶¶ 36-46).

Pelfrey's Objections rely on the emendations of the Second District's decision that he urged in support of his first Ground for Relief. No further analysis is called for on this point.

**Ground Four: Denial of Speedy Trial**

In his Fourth Ground for Relief, Pelfrey claims he was denied his right to a speedy trial which is guaranteed by the Sixth and Fourteenth Amendments "under the IAD." (Petition, ECF No. 1, PageID 47). Pelfrey admitted that the first time he raised this claim was in his Ohio app. R. 26(B) Application as a claim of ineffective assistance of appellate counsel. The Second District decided there was no IAD violation and therefore no ineffective assistance of appellate counsel in failing to claim one. Pelfrey claimed the Second District's determination was unreasonable, but the Report noted this habeas court is bound by state court determinations of state law and the second District's construction of the facts was also reasonable (Report, ECF No. 12, PageID 1371, citing *Bradshaw v. Richey*, 546 U.S. 74 (2005)).

Pelfrey again argues with the Second District's construction of the facts (Objections, ECF No. 18, PageID 1463-64). No further analysis is required on this point.

**Request for Certificate of Appealability**

Pelfrey has made a separate Request for Certificate of Appealability (ECF No. 20), but it contains no argument.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists

would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 9, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).