# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY D. PELFREY,

        Petitioner,    :    Case No. 3:19-cv-059

- vs -                      District Judge Walter H. Rice
                                  Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution

                                :
        Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner's Motion to Reconsider (ECF No. 27). While the Federal Rules of Civil Procedure do not expressly authorize a motion to reconsider, they do allow a motion to amend the judgment, provided it is filed within twenty-eight days of the judgment. Here the judgment was filed September 23, 2019, and the instant Motion is deemed filed on the date of its mailing from Petitioner's place of incarceration, October 3, 2019 (See postmark at ECF No. 27, PageID 1570).

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n.3. *See also North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

1

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id*. Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.*

As a post-judgment motion, the Motion to Reconsider is deemed referred to the Magistrate Judge for a report and recommendations under 28 U.S.C. § 636(b)(3).

Pelfrey pleaded the following grounds for relief:

> **Ground One**: Prosecutorial misconduct in violation of Pelfrey's Sixth and Fourteenth Amendment rights by (1) failing to clear up any testimony that he knew to be incorrect or misleading, (2) failing to disclose evidence favorable to the accused, and (3) knowingly making improper statements.
>
> **Supporting Facts**:
>
> (1) The State violated Pelfrey's right to a fair trial under Fourteenth Amendment by failing to clear up any testimony that he knew to be incorrect or misleading.
>
> (2) The State violated the Due Process Clause of the Pelfrey's Fourteenth Amendment by failing to disclose evidence favorable to the accused.
>
> (3) The State violated the Due Process Clause of the Pelfrey's Fourteenth Amendment by knowingly making improper statements during closing
>
> **Ground Two:** The trial court erred in allowing parol evidence regarding the power of attorney in violation of the Due Process Clause of Pelfrey's Fourteenth Amendment.

> **Ground Three:** Pelfrey's convictions were based on insufficient evidence in violation of the Due Process Clause of Pelfrey's Fifth Amendment for failing to prove beyond a reasonable doubt every element of the crimes with which Pelfrey was charged. The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt. *In re Winship*, 397 U.S. 358 [(1970)].
>
> **Ground Four:** The trial court violated his right to a speedy trial in violation of Pelfrey's Sixth Amendment right under the IAD [Interstate Agreement on Detainers].

(Petition, ECF No. 1, PageID 25, 26, 31, 33 39, 43, 47) (emphasis removed).

Most of Pelfrey's argument on Ground One is to the effect that the prosecutor suppressed incriminating evidence until trial. See, e.g., PageID 1551, section labeled "Undisclosed Incriminating Evidence" and PageID 1554 "Suppressing incriminating evidence from the discovery, and then bringing it out on direct examination." However a prosecutor is not under a constitutional duty to disclose incriminating evidence prior to trial. Moreover, Pelfrey made no similar claim in the Petition, so the Court committed no manifest error of law in rejecting any such argument.

On the other hand, the Report and Recommendations and Supplement Report and Recommendations dealt with Pelfrey's claim of prosecutorial misconduct and he has demonstrated no error of law in the way they were handled.

Pelfrey's Second Ground for Relief is that he was denied due process when parol evidence was admitted. Based on the Reports, the Court concluded that Ground Two was procedurally defaulted and that there was no constitutional right to application of the parol evidence rule (Decision and Entry, ECF No. 23, PageID 1503). The instant Motion cites *Phillips v. Woodford*, 267 F.3d 966 (9th Cir. 2001), but that case does not mention the parole evidence rule.

The Third Ground for Relief asserted insufficient evidence had been presented. In his

Motion, Pelfrey cites *In re Winship,* 397 U.S. 358 (1970), to the proposition that "suppressed uncorroborated incriminating evidence . . .is insufficient . . . ." *Winship* stands for the general proposition that the state must produce sufficient evidence on every element of a crime to convict, but it says nothing about suppressing such evidence before trial, nor does it require corroboration.

Respecting Pelfrey's speedy trial claim, the Magistrate Judge found it was procedurally defaulted and also not cognizable in habeas and the District Court's Decision and Entry adopted those findings (ECF No. 23, PageID 1503). Pelfrey presents no authority to show this conclusion is an error of law.

In his five-page Conclusion, Pelfrey re-argues his claims of prosecutorial misconduct, but cites no authority to show this Court's handling of those claims was improper. In particular, Pelfrey does nothing to rebut the finding he procedurally defaulted this claim.

**Conclusion**

Petitioner's Motion to Reconsider does not demonstrate that this Court erred as a matter of law in dismissing his Petition, nor does he tender any newly-discovered evidence. The Motion to Reconsider should therefore be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 7, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).