# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY D. PELFREY,

        Petitioner,    :    Case No. 3:19-cv-059

  - vs -                        District Judge Walter H. Rice
                                 Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution

                              :

        Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's filing of a Motion for Subpoenae Duces Tecum to be issued to the Custodian of Records of the Lebanon Citizens National Bank, Attorney Charles Lester, and the Clerk of the Montgomery County Court of Common Pleas (ECF No. 38). Petitioner has also filed the October 15, 2019, Affidavit of Robert May (ECF No. 40) and his Objection to the Magistrate Judge's Report and Recommendation to deny his Motion to Reconsider (ECF No. 39).

Judge Rice entered judgment in this case dismissing Pelfrey's Petition for Writ of Habeas Corpus on September 23, 2019 (ECF Nos. 23, 24). On October 7, 2019, Pelfrey filed his Motion for Reconsideration (ECF No. 27) which was considered to be a timely motion to amend the judgment under Fed.R.Civ.P. 59(e). The Magistrate Judge recommended denying the Motion because it did not show that: the Court had committed a manifest error of law; Pelfrey had newly discovered evidence; or there had been an intervening change in the law (Report, ECF No. 33, PageID 1609-10, citing *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), *Leisure*

1

*Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010), and *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) for the standard to be applied in deciding Rule 59(e) motions.).

In his Objection, Pelfrey recognizes this standard but asserts that he now has newly-discovered evidence, to wit, the Affidavit of Robert May (ECF No. 40). May avers that he has "a background in investigative practices and legal research" and that he "prepared this affidavit and Petitioner's filing thereto.[1]" *Id*. at PageID 1664, ¶¶ 2-3. He then prepares to relate his involvement with Pelfrey and the mortgage transaction which formed the basis of Pelfrey's conviction **beginning March 31, 2014.** *Id.* at ¶ 4. He then relates several single-spaced pages of asserted facts largely revolving around allegations of prosecutorial misconduct against the assistant Montgomery Prosecuting Attorney who prosecuted this case. He concludes: "I did not come forward before this time because I feared, and still do fear, that ADA Chadrick would/will retaliate against me for being a whistleblower. I do so now in the interest of justice." *Id*. at PageID 1667, ¶ 14.

Pelfrey did not submit the May Affidavit with his Motion, but only with his Objections, so it is questionable whether it is timely; the Rule 59(e) deadline is one of the few that a district court has no power to extend.

But even assuming the filing of the Affidavit is timely, the May Affidavit does not qualify as newly discovered because Pelfrey has not shown due diligence in coming forward with it. According to May, Pelfrey has known that May was a material witness since March 31, 2014, the date the offense in suit began (*See* May Affidavit, ECF No. 40-1, PageID 1664, ¶ 4). In presenting "new" evidence with a Rule 59(e) motion, a litigant must show he or she exercised due diligence

---

[1] The Magistrate Judge infers this means May drafted his own Affidavit, the Motion for Subpoenaes, and Pelfrey's Objection; the latter has language which appears to be quoted from the May Affidavit.

in acquiring the evidence. 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL, § 2810.1 (3rd ed.). Why is it that just now May overcame his fear of retaliation? What did Pelfrey do to obtain May's evidence in the long state court litigation which preceded his coming to federal court?

The next problem with the May Affidavit is that it is evidence on the substance of Pelfrey's claims. In *Cullen v. Pinholster*, 563 U.S. 170 (2011), the Supreme Court limited the evidence a habeas court can consider in a case decided on the merits by the state courts to the evidence that was before those courts. While Rule 59(e) can be applied to habeas corpus cases, it can only authorize amendment of the judgment by consideration of newly discovered evidence which could have been admitted prior to judgment. Because the May Affidavit was not before the state courts, it cannot be considered on the merits here. While the Court might be able to here new evidence to excuse Pelfrey's procedural defaults, the May Affidavit does not provide facts of that sort. Accordingly, the May Affidavit is STRICKEN.

The Motion for Subpoenae Duces Tecum essentially seeks discovery of information relevant to the substance of Pelfrey's claims. A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Harris v. Nelson*, 394 U.S. 286, 295-96 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Neither the Habeas Rules nor the Federal Rules of Civil Procedure provide for post-judgment discovery. The Motion for Subpoenae is therefore DENIED.

November 26, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge
