IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GREGORY D. PELFREY,

    Petitioner,   :  Case No. 3:19-cv-059

 - vs -         District Judge Walter H. Rice
             Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
 Noble Correctional Institution
             :
    Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION FOR CERTIFICATE OF APPEALABILITY

This habeas corpus case is before the Court on Petitioner's Motion for Certificate of Appealability (ECF No. 43) in support of his Notice of Interlocutory Appeal (ECF No. 42). As a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. Sec. 636(b)(3).

**Status of the Litigation**

District Judge Rice adopted the Magistrate Judge's Report and Recommendations and Supplemental Report and Recommendations on September 23, 2019, determining that the Petition should be dismissed with prejudice and Petitioner denied a certificate of appealability (ECF Nos. 23 and 24). Within the time allowed by Fed.R.Civ.P. 59(e), Pelfrey filed a Motion for Reconsideration (ECF No. 27) and a Notice of Appeal (ECF No. 29). By virtue of Fed. R.App.P.

1

4(a)(4)(B)(i), the Notice of Appeal will only become effective when the Motion for Reconsideration is decided by Judge Rice. The Magistrate Judge has recommended denying that Motion (ECF No. 33 ) and Pelfrey has objected to that recommendation (ECF No. 39). Since that recommendation was filed, Pelfrey has filed a Motion for Issuance of Subpoenae Duces Tecum (ECF No. 38) which the Magistrate Judge denied on November 26, 2019 (ECF No. 41). Then on December 4, 2019, Pelfrey filed his Notice of Interlocutory Appeal to the Sixth Circuit (ECF No. 42) and the instant Motion for Certificate of Appealability (ECF No. 43).

## Analysis

Pelfrey makes it clear in his Notice of Interlocutory Appeal that he intends to appeal to the Sixth Circuit from the Magistrate Judge's November 26, 2019, Order denying the issuance of subpoenae duces tecum. A certificate of appealability from that Order should be denied for at least the following reasons.

First, a circuit court does not have jurisdiction to hear an appeal from a Magistrate Judge's decision on a pre-trial order. To eventually obtain circuit court review on such an order, a litigant must first make timely objections to the District Judge. Only if the Magistrate Judge's decision is eventually reflected in the decision of an Article III district judge will it be reviewable by the court of appeals. *Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir. 1984)(per curiam).

Second, a circuit court does not have jurisdiction to decide an interlocutory appeal unless it has been both certified by the District Judge under 28 U.S.C. § 1292(b) and accepted by the circuit court.

**Conclusion**

Because the Sixth Circuit lacks jurisdiction to decide an appeal from the Magistrate Judge's November 26, 2019, Order Denying Subpoenae Duces Tecum, the Motion for Certificate of Appealability should be DENIED.

December 13, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).