# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREGORY D. PELFREY,

                Petitioner,        :       Case No. 3:19-cv-059

      - vs -                            District Judge Walter H. Rice
                                       Magistrate Judge Michael R. Merz

TIM BUCHANAN, Warden,
  Noble Correctional Institution

                                       :

                Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Certificate of Appealability "from a final order of the United States District Court for the Southern District of Ohio, Western Division at Dayton **not yet entered in this action**." (ECF No. 48). The order to which he refers is District Judge Rice's Decision and Entry of September 23, 2019, which he says is manifestly unjust.

In the referenced Decision and Entry, Judge Rice ordered this case dismissed with prejudice and denied Petitioner a certificate of appealability (ECF No. 23, PageID 1503), That Decision was filed with the Clerk and in accordance with Judge Rice's instructions, the Clerk entered judgment in favor of Respondent and against the Petition (ECF No. 24). That was a final appealable order of this Court and in fact Petitioner did appeal (Notice of Appeal, ECF No. 29; the appeal has been assigned Case No. 19-3970 on the Sixth Circuit's docket, ECF No. 34). [1]

---

[1] Apart from the appeal on the merits, Petitioner moved in this Court for a certificate of appealability from the Magistrate Judge's Order of November 26, 2019, denying issuance of

The instant Motion is entirely devoted to rearguing the merits of Pelfrey's case and concludes by asking that the writ be issued or that the Court granted a certificate of appealability (ECF No. 48, PageID 1743).

The Court lacks authority to grant Pelfrey's Motion. Because the Court already denied a certificate of appealability, Pelfrey is is essence asking the Court to reconsider that portion of its final judgment. But a motion to alter a judgment under Fed. R. Civ. P. 59(e) must be filed within twenty-eight days of the judgment and this filing was almost four months after that time expired. Because the case has been appealed and jurisdiction now rests in the Sixth Circuit, this Court lacks authority to grant a motion for relief from judgment under Fed. R. Civ. P. 60.

Therefore the instant Motion for Certificte of Apepalability should be denied.

February 18, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

---

subpoenae duces tecum (ECF No. 41). The Magistrate Judge recommended denying that motion because his Order was not a final appealable order (Report, ECF No. 44). Petitioner objected (ECF No. 46), but before Judge Rice had an opportunity to rule on the Objections, the Sixth Circuit mooted the point by dismissing the appeal for lack of jurisdiction (*Pelfrey v. Buchanan,* Case No. 19-4227, Order of January 17, 2020; unreported; copy at ECF No. 47).

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.