IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREGORY D. PELFREY,

    Petitioner,

v.

TIM BUCHANAN, Warden, Noble
Correctional Institution,

    Respondent.

Case No. 3:19-cv-59

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #33) AND OVERRULING PETITIONER'S OBJECTIONS THERETO (DOC. #39); OVERRULING PETITIONER'S MOTION FOR RECONSIDERATION (DOC. #27); OVERRULING AS MOOT MOTION FOR CERTIFICATE OF APPEALABILITY (DOC. #43); REJECTING AS MOOT UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #44) AND OVERRULING AS MOOT PETITIONER'S OBJECTIONS THERETO (DOC. #46); DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; CASE TO REMAIN TERMINATED

---

I.    **Background and Procedural History**

Following a jury trial in state court, Petitioner, Gregory Pelfrey, was convicted on charges of theft from an elderly adult, forgery and tampering with evidence. His convictions were affirmed on appeal. He then filed a Petition for Writ of Habeas Corpus, Doc. #1. On September 23, 2019, this Court issued a Decision and Entry dismissing the Petition for Writ of Habeas Corpus and denying a

certificate of appealability. Doc. #23. Judgment was entered in favor of Respondent. Doc. #24.

On October 7, 2019, Petitioner filed a Motion for Reconsideration. Doc. #27. He also filed a Notice of Appeal. Doc. #29.[1] The following day, United States Magistrate Judge Michael R. Merz issued a Report and Recommendations, Doc. #33, recommending that the Court deny the Motion for Reconsideration because Petitioner had not demonstrated a clear error of law, newly discovered evidence, an intervening change in controlling law, or manifest injustice. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999),

On November 25, 2019, Petitioner filed a Motion for Subpoena[e] Duces Tecum, Doc. #38. He also filed timely Objections to the October 8, 2019, Report and Recommendations, Doc. #39, along with "newly discovered evidence" in the form of an Affidavit of Robert May, Docs. ##39-1 and 40. May accuses the assistant county prosecutor of conducting a flawed investigation and withholding exculpatory evidence. May stated that he had not come forward earlier because he feared that the assistant county prosecutor would retaliate against him for being a whistleblower. *Id.*

On November 26, 2019, Magistrate Judge Merz issued a Decision and Order striking May's Affidavit from the record, Doc. #41. He noted that, because the Affidavit was not submitted with the Motion for Reconsideration, it was not timely.

---

[1] The Sixth Circuit Court of Appeals held the case in abeyance pending a ruling on the Motion for Reconsideration.

2

Moreover, it did not constitute "newly discovered evidence," given that Petitioner had known since March 31, 2014, that May was a material witness and Petitioner had not demonstrated due diligence in obtaining his Affidavit. In addition, Magistrate Judge Merz noted that, under *Cullen v. Pinholster*, 563 U.S. 170 (2011), May's Affidavit could not be considered in adjudicating Petitioner's habeas corpus claims because it was not before the state court when the claims were adjudicated on the merits. Magistrate Judge Merz also denied the Motion for Subpoena[e] Duces Tecum, noting that "[n]either the Habeas Rules nor the Federal Rules of Civil Procedure provide for post-judgment discovery." Doc. #41, PageID#1685.

On December 12, 2019, Petitioner filed a Notice of Appeal concerning that Decision and Order, Doc. #42, along with an Application for Certificate of Appealability, Doc. #43. The following day, Magistrate Judge Merz issued another Report and Recommendations, Doc. #44, recommending that the Court deny the Motion for Certificate of Appealability because the Sixth Circuit Court of Appeals lacks jurisdiction to decide an appeal of the Order denying the Motion for Subpoena Duces Tecum. Petitioner filed timely Objections to that Report and Recommendations. Doc. #46. He noted that the Report and Recommendations on Motion for Certificate of Appealability cited only to that portion of the Decision and Order that had denied Petitioner's Motion for Subpoenae Duces Tecum. It did not address that portion of the Decision and Order that struck Robert May's Affidavit from the record. Doc. #46.

3

On January 21, 2020, the Sixth Circuit Court of Appeals dismissed the December 12, 2019, appeal, holding that the Magistrate Judge's November 26, 2019, Decision and Order was not an appealable order, given that "any review from the magistrate judge's order lies with the district court judge." Doc. #47.

II. **Standard of Review**

The Court must make a *de novo* review of any portions of the Reports and Recommendations to which proper Objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

III. **Objections Related to Report and Recommendations on Motion for Certificate of Appealability (Docs. ##43, 44, 46)**

Given that the Sixth Circuit Court of Appeals has already dismissed Petitioner's appeal from Magistrate Judge Merz's November 26, 2019, Decision and Order denying the Motion for Subpoena[e] Duces Tecum, the Court OVERRULES AS MOOT Petitioner's Motion for Certificate of Appealability, Doc. #43. The Court REJECTS AS MOOT the Report and Recommendations on Motion for Certificate of Appealability, Doc. #44, and OVERRULES AS MOOT Petitioner's Objections thereto, Doc. #46.

## IV. Objections Related to Report and Recommendations on Motion for Reconsideration (Docs. #27, 33, 39)

As previously noted, Magistrate Judge Merz recommended that the Court overrule Petitioner's Motion for Reconsideration because he had failed to demonstrate clear error of law, newly discovered evidence, an intervening change in controlling law, or manifest injustice. Doc. #33.

In his Objections, Doc. #39, to the Report and Recommendations, Petitioner makes no specific Objections to any portion of the Report and Recommendations. Instead, he argues that he now has "newly discovered evidence" in the form of Robert May's Affidavit, Docs. ##39-1 and 40. He then simply reargues the merits of the Grounds for Relief asserted in his Petition.

As the Magistrate Judge noted in his November 26, 2019, Decision and Order, Doc. #41, it is questionable whether the May Affidavit can be considered timely filed, given that it was not filed with the Motion for Reconsideration, but with the Objections to the Report and Recommendations. Moreover, because Petitioner filed the Affidavit and raised this new argument in his Objections, the Court is not obligated to address this new argument. *See Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) (noting that issues raised for the first time in objections to a Report and Recommendations are deemed waived); *Martin v. E.W. Scripps Co.*, No. 1:12-cv-844, 2013 WL 5876172, at *3 (S.D. Ohio Oct. 30, 2013) ("As a party may not raise new issues for the first time in an objection to a

5

magistrate judge's report and recommendation, the Court is under no obligation to address those issues.").

Even if the Court were to find that May's Affidavit was timely filed, and that Petitioner did not waive his right to assert his claim of newly discovered evidence, the claim still fails on the merits. "To prevail on a motion brought pursuant to Rule 59(e), newly discovered evidence 'must have been previously unavailable.'" *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (quoting *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999)).

To satisfy his burden of proof, Petitioner must show that he exercised due diligence to discover the evidence at issue. *See United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006); *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989). As Magistrate Judge Merz explained, in striking May's Affidavit from the record, Petitioner has known that May was a material witness since the date of the criminal offense, nearly six years ago. Petitioner does not explain what efforts, if any, he or his attorneys made to obtain May's testimony either at the criminal trial or prior to filing his habeas petition or Motion for Reconsideration. Accordingly, he has not demonstrated the requisite due diligence. Doc. #41.

Based on the reasoning and citations of authority set forth by Magistrate Judge Michael R. Merz in his October 8, 2019, Report and Recommendations on Motion for Reconsideration, Doc. #33, as supplemented by his Decision and Order, Doc. #41, as well as upon a thorough *de novo* review of this Court's file and the

6

applicable law, the Court ADOPTS the Report and Recommendations and OVERRULES Petitioner's Motion to Reconsider the Order dismissing the Petition for Writ of Habeas Corpus, Doc. #27. Petitioner's Objections to the Report and Recommendations, Doc. #39, are OVERRULED for the reasons set forth above.

V. Conclusion

For the reasons discussed above, the Court: (1) ADOPTS United States Magistrate Judge's Report and Recommendations (Doc. #33); (2) OVERRULES Petitioner's Objections Thereto (Doc. #39); (3) OVERRULES Petitioner's Motion for Reconsideration (Doc. #27); (4) OVERRULES AS MOOT Motion for Certificate of Appealability (Doc. #43); (5) REJECTS AS MOOT United States Magistrate Judge's Report and Recommendations (Doc. #44); and (6) OVERRULES AS MOOT Petitioner's Objections Thereto (Doc. #46).

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is DENIED a certificate of appealability, Doc. #20, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

7

The captioned case shall remain terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: March 11, 2020

*(signature)*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE